IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RANDY JENKINS HARMON, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-83 |
| v. | |
| WARDEN DOUG WILLIAMS, et al., | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RANDY JENKINS HARMON, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-40 |
| v. | |
| YOLANDA BYRD, et al., | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RANDY JENKINS HARMON, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-42 |
| v. | |
| YOLANDA BYRD, et al., | |
| Defendants. | |

## ORDER

These matters are before the Court on Plaintiff's 42 U.S.C. § 1983 Complaints in the above-captioned cases. Doc. 1, Doc. 1; Doc 1.[1] For the reasons which follow, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings in Case Numbers 6:19-cv-40 and 6:19-cv-42 upon the record and docket of Case Number 6:18-cv-83; **CONSOLIDATE** Case Numbers 6:19-cv-40 and 6:19-cv-42 into Case Number 6:18-cv-83; **ADD** Jonathan Santiago, George Rebing, Nicole Johnston Bennett, Smith State Prison, Denis Collier, Terence Kilpatrick, Gregory Dozier, and the Georgia Department of Corrections as named Defendants upon the record and docket of Case Number 6:18-cv-83; and **CLOSE** Case Numbers 6:19-cv-40 and 6:19-cv-42 and enter the appropriate judgments of dismissal. The Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Case Number 6:19-cv-42, Doc. 2. However, the Court previously granted Plaintiff leave to proceed *in forma pauperis* in Case Number 6:18-cv-83.[2] Doc. 2. Plaintiff shall continue being able to proceed *in forma pauperis* in this consolidated action.

## BACKGROUND

On August 8, 2018, Plaintiff filed a § 1983 Complaint in Case Number 6:18-cv-83 and alleges he had to undergo a strip search upon his arrival at Smith State Prison and his property was confiscated. Doc. 1-1 at 1. Plaintiff also complains about his placement in Tier II administrative segregation at Smith State Prison and the processes related to his continued confinement in the

---

[1] In citing to the dockets in these three cases, the Court references the filings in Case Number 6:18-cv-83 first, the filings in Case Number 6:19-cv-40 second, and the filings in Case Number 6:19-cv-42 third.

[2] The Court also granted Plaintiff *in forma pauperis* status in Case Number 6:19-cv-40. Doc. 3. Because the Court is consolidating these three causes of action, the Court **VACATES** the Order granting *in forma pauperis* status and **DIRECTS** the Clerk of Court to ensure any filing fee the Court receives on Plaintiff's behalf is applied toward only one filing fee—the one applicable to Case Number 6:18-cv-83.

Tier II program. Id. at 1–12. Plaintiff names as Defendants former Warden Doug Williams, Yolanda Byrd, Deric Godfrey, Tammy Watkins, and Scherika Wright. Doc. 1.

On May 9, 2019, Plaintiff filed another § 1983 Complaint in Case Number 6:19-cv-40. Doc. 1. In this Complaint, Plaintiff sets forth allegations concerning his placement and continued confinement in Tier II administrative segregation while he was housed at Smith State Prison. Id. Plaintiff names as Defendants Yolanda Byrd, Jonathan Santiago, George Rebing, Doug Williams, Nicole Johnston Bennett, and Smith State Prison.

Just four days later, on May 13, 2019, Plaintiff filed a third § 1983 Complaint concerning his placement and continued confinement in Tier II administrative segregation while he was housed at Smith State Prison in Case Number 6:19-cv-42. In this cause of action, Plaintiff names Yolanda Byrd, Denis Collier, current Warden Terence Kilpatrick, Jonathan Santiago, Nicole Johnson-Bennett, George Rebing, Gregory Dozier, and the Georgia Department of Corrections as Defendants. Id.

## DISCUSSION

The Court notes a district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973);

3

see also Devlin v. Transp. Commc'ns Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (courts can *sua sponte* consolidate cases under Rule 42(a)).

In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Plaintiff's filings appear to arise from the same set of facts. His Complaints involve allegations that all Defendants violated his due process rights by placing him in Tier II administrative segregation and by not following proper procedures regarding his continued confinement in that program while he was housed at Smith State Prison. The Court notes Plaintiff alleges in his Complaint in Case Number 6:18-cv-83 that he was subject to a strip search and his property was confiscated upon his arrival at Smith State Prison. However, the Court also notes Plaintiff is no longer housed at Smith State Prison, and all of his allegations in these three causes of action concern Plaintiff's conditions of confinement at Smith State Prison. Given this congruence, the benefits of consolidation far outweigh any prejudice to the parties. Accordingly, it will benefit judicial economy to place all of Plaintiff's claims against these Defendants in one case: Case Number 6:18-cv-83.

## CONCLUSION

For the reasons set forth above, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings in Case Numbers 6:19-cv-40 and 6:19-cv-42 upon the record and docket of Case Number 6:18-cv-83; **CONSOLIDATE** Case Numbers 6:19-cv-40 and 6:19-cv-42 into Case

Number 6:18-cv-83; **ADD** Jonathan Santiago, George Rebing, Nicole Johnston Bennett, Smith State Prison, Denis Collier, Terence Kilpatrick, Gregory Dozier, and the Georgia Department of Corrections as named Defendants upon the record and docket of Case Number 6:18-cv-83; and **CLOSE** Case Numbers 6:19-cv-40 and 6:19-cv-42 and enter the appropriate judgments of dismissal. The Court **DENIES as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Case Number 6:19-cv-42, Doc. 2. However, the Court previously granted Plaintiff leave to proceed *in forma pauperis* in Case Number 6:18-cv-83. Doc. 2. Plaintiff shall continue being able to proceed *in forma pauperis* in this consolidated action.

**SO ORDERED**, this 15th day of July, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA