IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RANDY JENKINS HARMON, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-83 |
| v. | |
| WARDEN DOUG WILLIAMS, et al., | FILED<br>Scott L. Poff, Clerk<br>United States District Court<br>*By casbell at 12:23 pm, Jan 17, 2020* |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 9, 15. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Monetary damages claims against Defendants in their official capacities;

2. Claims concerning being stripped searched and having his property confiscated;

3. Claims against Smith State Prison;

4. Claims against Gregory Dozier; and

5. Claims against the Georgia Department of Corrections.

However, I **FIND** that some of Plaintiff's may proceed. Specifically, the Court directs service, by separate Order, of Plaintiff's due process claims against Defendants Williams, Byrd, Godfrey, Watkins, Wright, Santiago, Rebing, Johnston-Bennett, Dennis Collier, and Terence Kilpatrick.

**PLAINTIFF'S CLAIMS**

Plaintiff filed a § 1983 Complaint and alleges he had to undergo a strip search upon his arrival at Smith State Prison and his property was confiscated. Doc. 1-1 at 1. Plaintiff also complains about his placement in Tier II administrative segregation at Smith State Prison and the processes related to his continued confinement in the Tier II program. Id. at 1–12. Plaintiff makes allegations relating to his placement and continued confinement in Tier II at Smith State Prison against former Warden Doug Williams, Yolanda Byrd, Deric Godfrey, Tammy Watkins, Schericka Wright, Jonathan Santiago, George Rebing, Nicole Johnston-Bennett, Dennis Collier, and Terence Kirkpatrick. Id.; Doc. 1-1; Doc. 9 at 5, 8–16; Doc. 15 at 5–12. Plaintiff seeks monetary damages and injunctive relief against all Defendants. He also named Smith State Prison, Gregory Dozier, and the Georgia Department of Corrections as Defendants.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(b). During the initial screening, the court must identify any cogniziable claims in the complaint. Id. Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.[1] Id. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

---

[1] Similarly, the Court must also conduct an intial screening of any action in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(a).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. At this stage, the Court accepts as true a plaintiff's factual allegations. Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

## DISCUSSION

**II.     Plaintiff's Monetary Damages Claims Against Defendants in Their Official Capacities**

Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff

cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. The Court should **DISMISS** these claims.

## II.     Plaintiff's Strip Search Claim

Plaintiff asserts Officer Dicks strip searched him upon his arrival at Smith State Prison, which Plaintiff states was humiliating. Doc. 1-1 at 1. Accepting Plaintiff's allegations as true, having to undergo a strip search upon his arrival at an institution is related to a legitimate penological purpose. Accordingly, Plaintiff fails to state a claim for a constitutional violation. Calhoun v. Detella, 319 F.3d 936, 939 (7th Cir. 2003) ("There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation."). The Court should **DISMISS** Plaintiff's claims relating to a strip search.

## III.    Plaintiff's Deprivation of Property Claim

Plaintiff contends most of his personal property was confiscated upon his arrival at Smith State Prison. Doc. 1-1 at 1. Plaintiff's claim implicates his right to procedural due process. A § 1983 action alleging a procedural due process clause violation requires proof of three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting Cryder, 24 F.3d at 177). As to the third element, it is recognized that "[d]ue process is a flexible concept that varies with the particular situation." Cryder, 24 F.3d at 177.

Moreover, determining whether due process is satisfied requires consideration of three distinct factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal

4

> and administrative burdens that the additional or substitute procedural requirement would entail.

Id. at 178 (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)).  However, even if a state actor has continued to wrongfully retain a person's personal property, "no procedural due process violation has occurred if a meaningful postdeprivation remedy for the loss is available." Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991)).  "[T]he state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Georgia law provides a postdeprivation remedy through an action for conversion of personal property, which "is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers."  Case, 555 F.3d at 1331.  Plaintiff's property confiscation claim arises under O.C.G.A. § 51-10-1.  Lindsey, 936 F.2d at 561.  This statute provides that "[t]he owner of personalty is entitled to its possession," and "[a]ny deprivation of such possession is a tort for which an action lies."  O.C.G.A. § 51-10-1.  The Eleventh Circuit Court of Appeals has noted that "[t]his statutory provision covers the unauthorized seizure of personal property by police officers.  Therefore, the state has provided an adequate postdeprivation remedy when a plaintiff claims that the state has retained his property without due process of law."  Lindsey, 936 F.2d at 561 (quoting Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987)); see also Allen v. Peal, No. CV 312-007, 2012 WL 2872638, at *2–3 (S.D. Ga. June 18, 2012) (dismissing a due process claim for lost or seized personal property because O.C.G.A. § 51-10-1 provides an adequate post-deprivation remedy).

Consequently, Plaintiff's claims regarding the alleged confiscation or deprivation of his property comprise a matter for determination by the courts of the State of Georgia.  Therefore,

Plaintiff may not present his claims to this Court under § 1983.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's deprivation of property claims.

IV.     **Plaintiff's Claims Against Smith State Prison**

In order to state a claim for relief under § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.  While local governments qualify as "persons" under § 1983, local police departments and penal institutions are generally not considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]") (citations omitted); Williams v. Chatham Cty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. Aug. 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983."); Shelby v. Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing the Atlanta Police Department for not being a proper § 1983 defendant).  Consequently, Smith State Prison is not a viable defendant in Plaintiff's § 1983 action.  Therefore, the Court should **DISMISS** Plaintiff's claims against Smith State Prison because it is not a proper party-defendant in a § 1983 action.

V.      **Plaintiff's Claims Against the Georgia Department of Corrections**

Plaintiff's claims against the Georgia Department of Corrections are subject to dismissal under the Eleventh Amendment to the United States Constitution. Stevens v. Gay, 846 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars this action against the Georgia Department of Corrections and Board of Corrections." (citing Alabama v. Pugh, 483 U.S. 781,

782 (1978))); see also Leonard v. Dep't of Corr., 782 F. App'x 892, 894 (11th Cir. 2007) (noting the Eleventh Amendment bars suit against the Georgia Department of Corrections).  Thus, the Court should **DISMISS** Plaintiff's claims against the Georgia Department of Corrections.

## VI.    Plaintiff's Claims Against Gregory Dozier

As noted above, a § 1983 plaintiff must allege a person acting under color of state law deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States."  Hale, 50 F.3d at 1582.  Additionally, § 1983 liability must be based on something more than a defendant's supervisory position or a theory of *respondeat superior*. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct."  Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff seeks to hold Defendant Gregory Dozier liable solely based on his position as former Commissioner of the Georgia Department of Corrections.  In fact, Plaintiff only asserts Defendant Dozier committed constitutional violations through his subordinates.  Doc. 15 at 12. However, Plaintiff fails to present any facts indicating there is a causal connection between any actions of Dozier and the alleged violation of Plaintiff's constitutional rights.  Plaintiff fails to

7

make any factual allegations against Defendant Dozier, and the Court should **DISMISS** Plaintiff's claims against Gregory Dozier.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's monetary damages claims against Defendants in their official capacities, his claims against Smith State Prison, the Georgia Department of Corrections, Gregory Dozier, and his strip search and deprivation of property claims.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of January, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA