FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 3:29 pm, Sep 28, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RANDY JENKINS HARMON, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:18-cv-83 |
| v. | |
| WARDEN DOUG WILLIAMS, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Motion for an Order to Impose on Defendant Tammy Watkins the Expenses Later Incurred in Making Service and the Reasonable Expense. Doc. 36. On January 17, 2020, this Court ordered service of Plaintiff's Complaint upon Defendant Watkins. Doc. 18. The Court noted a defendant "who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver." Id. at 2 (citing Fed. R. Civ. P. 4(d)(2)). The United States Marshals Service sent the service waiver to Defendant Watkins on January 23, 2020. Dkt. entry dated Jan. 29, 2020. The waiver envelope was returned unopened. Doc. 33. A second waiver was sent to a new address on February 4, 2020. Id. The United States Marshals Service noted the second attempt to deliver waiver of service was returned unclaimed on March 18, 2020. Id.

Plaintiff now moves for costs for personal service to be imposed under Federal Rule of Civil Procedure 4(d)(2). Doc. 36. I **DENY** Plaintiff's Motion as premature. There have been no costs associated with personal service because Defendant Watkins has not been personally

served.  Further, Plaintiff will not incur costs for personal service, as Plaintiff is proceeding *in forma pauperis*.  Accordingly, there are no costs for Plaintiff to recover under Rule 4(d)(2).

Further, I **ORDER** the United States Marshals Service to personally serve Defendant Watkins with a copy of the Court's January 17, 2020 Order and this Order within 30 days, if practicable, and to exercise due caution in attempting to effectuate service on Defendant Watkins.  The Court imposes the costs of personal service on Defendant Watkins.  Fed. R. Civ. P. 4(d)(2)(A).  I **ORDER** Defendant Watkins to file her Answer to Plaintiff's Complaint as quickly as possible, but, in no event later than 30 days after the United States Marshals Service personally serves her with process.  The Court advises Defendant Watkins that her failure to abide by these directives will result in the imposition of sanctions against her beyond the costs of personal service.  In addition, if Plaintiff has any information regarding Defendant Watkins' whereabouts, he should provide that to the United States Marshals Service.

**SO ORDERED**, this 28th day of September, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA